Plaintiff's Name __PETER  FUGAWA__
Inmate No. __K23573__
Address __P.O. BOX 8500__
__PLEASANT VALLEY STATE PRISON__
__COASLINGA, CA 93210__

FILED
JUN 13 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY __J. HELLINGS__
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER FUGAWA

(Name of Plaintiff)

vs.

ROBERT TRIMBLE, WARDEN
L. DEARMOND, J. WALLACE,
I. VILLA, R. AMEZCUA,
C. CARDENS, M. PERRY
AND DOES 1 TO 20.

(Names of all Defendants)

Case Number: 1:11-CV-00966 SKO (PC)

COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

RECEIVED
JUN 13 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form)

   A. Have you brought any other lawsuits while a prisoner? Yes ___ No _X_

   B. If your answer to A is yes, how many? _____
      Describe previous or pending lawsuits in the space below.
      (If more than one, use back of paper to continue outlining all lawsuits)

      1. Parties to this previous lawsuit:

         Plaintiff _____

         Defendants _____

      2. Court (if Federal Court, give name of District; if State Court, give name of County)

      3. Docket Number _____    4. Assigned Judge _____

      5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

      6. Filing date (approx.) _____    7. Disposition date (approx.) _____

1

II. **Exhaustion of Administrative Remedies**

    A. Is there an inmate appeal or administrative remedy process available at your institution?

    Yes _X_ No ___

    B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

    Yes _X_ No ___

    If your answer is no, explain why not _____

    C. Is the process completed?

    Yes _X_   If your answer is yes, briefly explain what happened at each level.

    REVIEWER FOUND OFFICERS ACTIONS JUSTIFIED

    No ___   If your answer is no, explain why not.

NOTICE: Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process **before** filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734.

III. **Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

    A. Defendant __ROBERT TRIMBLE__ is employed as __Warden__ at __Pleasant Valley State Prison__

B.   Additional defendants  L. DEARMOND, J. WALLACE, I. VILLA, R. AMEZCUA, C. CARDENS, M. PERRY ARE PRISON GUARDS.

## IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

See Attached Pleading

## V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

See Attached Pleading

I declare under penalty of perjury that the foregoing is true and correct.

Date 6/9          Signature of Plaintiff [signature]

(revised 2/10/2006)

3

```
PETER FUGAWA
PLEASANT VALLEY STATE PRISON
B3/147/UP/K23573
P.O. BOX 8500
COALINGA, CA 93210

In Propria Persona
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER FUGAWA | Case No. |
| Plaintiff, | COMPLAINT FOR CIVIL RIGHTS VIOLATION UNDER COLOR OF STATE LAW |
| -vs- | |
| ROBERT TRIMBLE, WARDEN L. DEARMOND, J. WALLACE, I. VILLA, R. AMEZCUA, C. CARDENS, M. PERRY, AND DOES 1 TO 20 | (42 U.S.C. § 1983 & 1985) State Common Law Battery and Negligence |
| Defendants. | Demand For Jury Trial |

INTRODUCTION.

1). This is a civil rights action for compensatory and punitive damages brought against various California Department of Corrections and Rehabilitation (CDCR) staff in their individual capacity, as well as related defendants more particularly set forth herein below.

2). Plaintiff Peter Fugawa was brutally and unjustifiably slammed to the concrete floor and terrorized by the combined and concerted activity of CDCR'S correctional staff defendants named herein following being placed in restraints in Building 5, shortly before 2100 hours on January 21, 2011.

3). Peter Fugawa was intentionally and unnecessarily subjected to

-1-

the excessive and illegal use of force by L. DeArmond and J. Wallace, while other staff, remarkably, named and unnamed defendants looked on suportively, or at best impassively. Further, defendants attempted to coverup their culpability by concealing the facts surrounding the incident and defaming Fugawa. As a result of DeArmond's and Wallace's willful and outrageous actions, Fugawa suffered lasting mental and physical injuries, profound emotional and physical trauma, humiliation and embarrasment, injury to his reputation, and a fundamental affront to his human dignity.

4). The asault of Peter Fugawa, although accomplished by the individual correctional officers present, was also a direct product or certain constitutionally deficient policies, practices and customs implemented, maintained and tolerated by CDCR with respect to correctional officer's and the hiring, training, supervising and disciplining of corectional staff personnel. Such de facto policies and pervasive practices and customs were the proximate cause of Fugawa's injuries, are conjunctive with as atmosphere of racial bias prevalent in CDCR., and represent the deliberate indifference of CDCR and its correctional staff to the physical safety and constitutional rights of its inmates.

JURISDICTION AND VENUE

5). The court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) 28 U.S.C. § 1343(3) (civil rights). Venue lies in the Eastern District of California, the judicial district in which the claim arose pursuant to 28 U.S.C. § 1391(b)

PARTIES

6). Plaintiff Peter Fugawa is a competent adult a citizen of the United States and resident of Fresno County, California when the

-2-

use of excessive force occurred.

7). Defendants Robert Trimble, Warden; L. DeArmond; J. Wallace; I. Villa; R. Amezcua; C. Gardens; and M. Perry. Doe defendants were employees of CDCR when Fugawa's assault occurred. All the foregoing individuals are residents of this judicial district, acted under color of state law, and were involved in one capacity or another in the brutal detention and restraint of Fugawa.

8). Plaintiff sues defendants Does 1 to 20 by such ficitious names because their true identities have yet to be ascertained.

## FACTS

9). On January 21, 2011, Peter Fugawa arrived at Pleasant Valley State Prison (PVSP) from Ironwood State Prison (ISP). He processed in at Receiving & Release (R&R) and went through an initial housing classification screening, conducted by a panel of a sergeant and lieutenant. Fugawa was designated to be housed with Asian inmates. PVSP Ethnic Breakdown: Blacks, Whites, Hispanics, and others. And the breakdown from here gives preferential treatment for gang members: Southern Hispanics, Northern Hispanics, Bulldogs, Maravilla Border Brothers, Hispanics No-TIP, Crips, Hoover Gangsters, Bloods, 415 Bayarea Blacks, Black No-TIP, White Supremacist, Nazi Lowrider White No-TIP, Asian Vietnam, Asian Laos, Asian Mong, Native Americans, Outlaw Motorcycle, Public Enemy No. 1, Skin Heads, and others.

10). Upon being housed on B Facility, Fugawa was improperly housed by correctional staff. He was housed with a Black inmate in Cell 128 in B5; however, before Fugawa was informed of the improper housing, the control tower officer recognized the error and questioned Fugawa as to his ethnicity. Fugawa informed the officer that he was Asian. The officer then directed him to speak with the occupant of that cell.

-3-

Fugawa complied the directive and spoke with the occupant of the cell to determine whether it was okay for him to be housed in that. Fugawa soon learned that he could not be housed with the Black inmate. He returned the control tower and informed the officer that he was not properly housed. The control tower officer then instructed him to inform the floor staff. When fugawa informed defendant L. DeArmond of the improper housing, DeArmond stated to Fugawa, "That's too bad." DeArmond then told Fugawa to fight the occupant of the cell if he had a problem with him living in the cell. Fugawa declined. DeArmond and his partner J. Wallace then instructed Fugawa to cuff-up. Fugawa then placed his hands behind his back and allowed the officers to restrain him. Fugawa did not resist.

11). DeArmond and Wallace then violently grabbed Fugawa, lifted him by his arms and hands, and carried him in the direction of cell 128. Because Fugawa was not walking when he was suddenly grabbed by the rogue officers, it was difficult for DeArmond and Wallace to carry him, so DeArmond stated to Fugawa, "If you don't walk to the cell, I will slam your head to the floor." Wallace exclaimed, "That's not necessary." DeArmond then kicked Fugawa's legs from beneath him and slammed him to the floor.

12). The use of excessive force caused injury to Fugawa's back, legs, arms, wrists, neck, and shoulder. Nurse C. Cardens conducted a cursory examination of Fugawa but did not provide treatment for his injuries after the brutal assault. Cardens told Fugawa he could see the yard physician for his injuries, He did not receive treatment for approximately three (3) months. And this treatment consisted of pain medication, over-the-counter.

13). Plaintiff put his hands behind his back in response to a

-4-

series of commands from DeArmond and Wallace. Fugawa complied with all of the officers' commands without objection or delay, except assualting another inmate.

14). Notwithstanding Fugawa's willingness to comply with DeArmond and Wallace's directives, he was brutally slammed to the floor. Without said cause and provocation, said defendants caused Fugawa's shoulder, back, knee, legs, arms, wrists, and hands to be injured. The foregoing tactics were entirely out of proportion to the force necessary to subdue Fugawa and were applied maliciously and sadistically for the purpose of causing harm to the plaintiff. Such tactics not only contravened CDCR policy with respect to an inmate in restraints and who had complied. The tactics also were of such strenuous as to outrage and offend a person normal sensibilities. The violent attack was accomplished by DeArmond and Wallace acting in concert and full view of approximately two hundred inmates and the control booth officer, who did nothingwhatsoever to prevent, curtail or limit the assault.

15). Fugawa's assault was the foreseeable result of the de facto discriminatory policies and pervasive practices and customs of CDCR routinely to use excessive force to house inmates.

16). For a substantial period of time prior to, contemporaneous with, and subsequent to Fugawa's assault, CDCR maintained and tolerated the following deficient policies, practices and customs:

    (a) Hiring and/or failing properly to assign, supervise and control correctional officers known, or who reasonably should have been known to have used excessive force or unreasonable force in the past;

    (b) Failing to properly discipline correctional officers who

-5-

had engaged in the use of excessive or unreasonable force or unnecessary violence;

(c) Fail conduct adequate investigations of reported correctional officer misconduct and to maintain an organized and effective system for reporting and investigating incidents of alleged officer brutality and abuse;

(d) Discouraging the inmate population from reporting officer misconduct and otherwise, acting to conceal or cover-up officer culpability;

(e) Improperly training officers with respect to inter alia, proper handling of inmates already in restraints and in compliance;

(f) Fostering a code of silence among the ranks of CDCR at PVSP to such extent that officer misconduct was not reported by other officers.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

17). 42 U.S.C. Section 1983. Defendants, acting under color of state law, willfully, Intentionally, knowingly, and concertedly deprived plaintiff of rights and privileges and immunities secured by the Constitution and laws of the United States, including the Eighth and Fourteenth Amendments by, inter alia;

(a) Needlessly and unreasonably subjecting Fugawa to the use of excessive force that resulted in injury.

(b) Seizing and restraining Fugawa in a brutal, terroristic, verbally abusive and otherwise unreasonable manner;

(c) Deliberately, knowing and/or negligently failing to come to Fugawa's aid and assistance in contravention of rules and regulations applicable to on-duty officers.

(d) Interfering with Fugawa's right to seek redress for his injuries by attempting to conceal and cover-up for defendant officers' misconduct;

(E) Combining and conspiring to deprive Fugawa of his constitutionally protected rights;

(f) Denying Fugawa due proces of law;

(g) Implementing, maintaining and tolerating policies, practicies and customs which resulted in the illegal actions and proximately caused Fugawa's injuries as hereinabove alleged.

## SECOND CLAIM FOR RELIEF

18). 42 U.S.C. Section 1985(3). Defendants, and two or more of them, conspired for the purpose of:

(a) Depriving Fugawa of equal protection of the law;

(b) Hindering the constituted authorities from giving or securing equal protection and due process of law to all persons all to Fugawa's damages as hereinabove alleged.

## THIRD CLAIM FOR RELIEF

### BATTERY

19). Supplemental state claim under California commom law Battery. Defendants intentionally and wantonly struck, kicked, and slammed Fugawa to the floor causing injury.

## FOURTH CLAIM FOR RELIEF

### NEGLIGENCE

20). Supplemental state claim under California common law negligence.

21). Negligence is the doing of something which a reasonably prudent person would not do, or the failure to use ordinary or reasonable care. Ordinary or reasonable care is that care which a person of ordinary prudence would use in order to avoid injury to themselves or

-7-

others under circumstances similar to those shown by the evidence. 22). The elements of negligence are: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty (3) of a proximate casual connection between the negligent conduct and the resulting injury; and (4) actual loss or damages resulting from the professional's negligence."

23). Fugawa was injured on January 21, 2011, after being assaulted, but the physician failed to provide treatment to him for his injuries sustained during the use of excessive force by DeArmond and Wallace.

DAMAGES

WHEREFORE, Fugawa seeks judgment as follows:

(a) Compensatory, general, and special damages in the amount of $2,000,000.00;

(b) Exemplary damages (against each of the individual defendants) in a amount sufficient to make an example of those defendants and to deter them and others who would behave as DeArmond and Wallace herein;

(c) Reasonable costs of suit necessarily incurred; and

(e) Such further relief as the Court deems just and proper.

DATED: 6/9 , 2011               Peter Fugawa

-8-