# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER FUGAWA,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT TRIMBLE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-cv-00966-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 6) |

       Plaintiff Peter Fugawa, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 13, 2011. On July 22, 2011, Plaintiff filed a motion seeking a preliminary injunction requiring prison officials to provide him with adequate medical care.

       For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

       In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison

conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Here, although the medical care sought by Plaintiff is tangentially related in that the care is for injuries he allegedly sustained in the event at issue in this action, the "case or controversy" is currently limited to the incident of excessive force on January 21, 2011.[1] The presence of a viable excessive force claim does not give Plaintiff standing to seek orders directed at remedying his current medical care needs. Accordingly, Plaintiff's motion for a preliminary injunction, filed on July 22, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    September 27, 2011**               /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] A separate screening order analyzing Plaintiff's claims was issued concurrently with this order. The only claim which is cognizable is Plaintiff's excessive force claim against Defendant DeArmond.