# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER FUGAWA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT TRIMBLE, et al.,<br><br>　　　　　Defendants.<br>_____/ | Case No. 1:11-cv-00966-LJO-SKO PC<br><br>ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER AS TO AMENDED PLEADNGS DEADLINE AND GRANTING MOTION AS TO DISCOVERY AND PRETRIAL DISPOSITIVE MOTION DEADLINES<br><br>(Docs. 26, 29, and 30)<br><br>Initial Disclosures: 11/06/2013<br>Expert Disclosures: 03/07/2014<br>Rebuttal Disclosures: 03/28/2014<br>Non-Expert Discovery Deadline: 02/28/2014<br>Expert Discovery Deadline: 04/28/2014<br>Pretrial Dispositive Motion Deadline: 06/30/2014 |

　　　　Plaintiff Peter Fugawa ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on June 13, 2011. This action is proceeding on Plaintiff's amended complaint, filed on November 14, 2011, against Defendant L. DeArmond ("Defendant") for use of excessive physical force in violation of the Eighth Amendment of the United States Constitution and for battery and negligence under California law. Plaintiff's claims arise out of a physical altercation between Plaintiff and Defendant on January 21, 2011, at Pleasant Valley State Prison.

///

Counsel was appointed to represent Plaintiff on August 26, 2013. Pending before the Court is Plaintiff's motion for a six-month extension of the discovery deadline, filed shortly before counsel was appointed, and the parties' status reports filed in compliance with the Court's order of August 26, 2013.

Plaintiff seeks an extension of the discovery deadline to April 7, 2014, and he also seeks leave to file a second amended complaint.

Defendant opposes any modification of the scheduling order, but he requests that discovery be reopened for only a limited time if the Court is inclined to grant the modification.

The Court has considered both parties' arguments. Plaintiff's request for leave to amend is denied. The deadline for amending the pleadings was July 4, 2013, and the scheduling order was clear that requests for extensions of any deadlines must be sought on or before the expiration of the deadline. Although Plaintiff was proceeding pro se during the pleading stage, he is the master of the facts which underlie his claims and his original and amended complaints were accorded the leniency to which he is entitled under the law. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). That Plaintiff is now represented by counsel is not good cause to modify the scheduling order as to an expired deadline and allow a new round of pleadings. Fed. R. Civ. P. 16(b)(4).

However, Plaintiff's motion to modify the scheduling order to extend the discovery deadline was timely filed. The Court is not persuaded by Defendant's argument that Plaintiff could have but did not conduct any depositions. Plaintiffs who are incarcerated and proceeding pro se are virtually never able to depose opposing parties and witnesses because they lack the financial means to do so. So rarely is a prisoner proceeding pro se able to do so that it is the general practice of the Court to require such plaintiffs to make an offer of proof regarding financial ability to compensate an officer to take a deposition before the Court will assist with a request to facilitate a deposition by written questions.[1] *E.g., Cantu v. Garcia*, No. 1:09cv00177 AWI DLB PC, 2013 WL 101667, at *1-2 (E.D. Cal. 2013) (reconsideration of order granted in part on unrelated issues, 2013 WL 595100 (E.D. Cal. 2013)); *Carter v. Munoz*, No. 1:07-cv-

---

[1] As a practical matter, incarcerated plaintiffs proceeding pro se require some assistance from the Court even if they have the financial means to proceed with a deposition.

01736-SMS PC, 2010 WL 334460, at *1 (E.D. Cal. 2010); *Masterson v. Campbell*, No. CIV S-05-0192 JAM DAD P 2009 WL 2824754, at *1 (E.D. Cal. 2009); *Vlasich v. Fishback*, No. 1:05-cv-01615-LJO-GSA-PC, 2009 WL 1532147, at *1 (E.D. Cal. 2009). Thus, any argument that "Plaintiff either made a conscious decision not to take any depositions" or he was careless rings hollow. (Doc. 30, Status Report, 3:3-4.)

Defendant also takes issue with the timing of Plaintiff's motion to extend the discovery deadline. However, Plaintiff's motion was filed before the expiration of the discovery deadline, in compliance with the scheduling order. The Court notes that it is the general practice of *both* plaintiffs and defendants in cases such as this to file motions for extensions of time on or shortly before the expiration of the deadlines in question.[2]

The Court has broad discretion in managing the pretrial phase of this litigation and given the circumstances articulated in Plaintiff's declaration and the fact that he was proceeding pro se, the Court declines to find that Plaintiff failed to exercise due diligence. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Furthermore, there is no discernible prejudice to Defendant. Accordingly, the Court finds good cause exists to extend the discovery and pretrial dispositive motion deadlines, and pursuant to Fed. R. Civ. P. 16, the following scheduling order shall apply:

Initial disclosures shall be completed on or before **November 6, 2013**. Fed. R. Civ. P. 26(a)(1).

The parties are ordered to complete all non-expert discovery on or before **February 28, 2014**, and all expert discovery or before **April 28, 2014**.[3] The parties are directed to disclose all expert witnesses, in writing, on or before **March 7, 2014**, and to disclose all rebuttal experts on or before **March 28, 2014**. The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B), and (C) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not

---

[2] In this case, Defendants has not sought any extensions of time.

[3] These deadlines apply to the completion of *all* discovery, including the filing of motions to compel, if necessary.

disclosed pursuant to this order.  The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.  The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

If a discovery dispute arises, the parties are required, in good faith, to confer, or to attempt to confer, prior seeking court action.[4]  Fed. R. Civ. P. 26, 37.

All pretrial dispositive motions shall be filed on or before **June 30, 2014**.  Motions shall *not* be set for hearing and briefing schedule set forth in Local Rule 230(l) shall apply.

If both parties agree that a settlement conference would be beneficial, they shall notify the Court.

A request for an extension of any deadline set in this order must be filed as soon as the need is apparent, but in no event may it be filed after the expiration of the deadline in question; and the request must be supported by a showing of good cause.  Fed. R. Civ. P. 16(b)(4).

***

Based on the foregoing, Plaintiff's motion to modify the scheduling order is HEREBY GRANTED as to the discovery and pretrial dispositive motion deadlines and DENIED as to the amended pleadings deadline; and the scheduling order is modified as set forth herein.

IT IS SO ORDERED.

Dated:   **October 23, 2013**                         **/s/ Sheila K. Oberto**
                                                     UNITED STATES MAGISTRATE JUDGE

---

[4] When Plaintiff was proceeding pro se, the parties were relieved of this obligation.  (Doc. 21, Discovery/Scheduling Order, ¶5.)

4