```
 1                UNITED STATES DISTRICT COURT

 2               EASTERN DISTRICT OF CALIFORNIA

 3

 4 PETER FUGAWA,              )  Case No. 11CV00966-LJO-SKO
                              )
 5         Plaintiffs,        )  Fresno, California
                              )
 6 vs.                        )  Tuesday,
                              )  December 11, 2018
 7 L. DEARMOND,               )  1:00 p.m.
                              )
 8         Defendant.         )
   _____)
 9

10          TRANSCRIPT OF SETTLEMENT CONFERENCE
          BEFORE THE HONORABLE ERICA P. GROSJEAN
11             UNITED STATES MAGISTRATE JUDGE

12 APPEARANCES:

13 For the Plaintiff:         JEFF DOMINIC PRICE, ESQ.
                              2500 Broadway, Suite 125
14                            Santa Monica, California
                                90404
15                            (310) 451-2222

16
   For the Defendant:         JOSEPH R. WHEELER, ESQ.
17                            LUCAS L. HENNES, ESQ.
                              Department of Justice
18                            1300 I Street, Suite 125
                              Sacramento, California 94244
19                            (916) 210-7315

20

21

22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.
```

*Echo Reporting, Inc.*

ii

1  Transcriber:              Crystal Thomas
                             Echo Reporting, Inc.
2                            2160 Fletcher Parkway
                             Suite 209
3                            El Cajon, CA 92117
                             (858) 453-7590
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
                                                                   1
 1     FRESNO, CALIFORNIA  TUESDAY, DECEMBER 11, 2018  1:00 PM
 2                              --oOo--
 3        (Call to order of the Court.)
 4             THE COURT:   This is the case of Peter Fugawa
 5  versus L. Dearmond, 11CV966.  We are here for a settlement
 6  conference.
 7             Let me take appearances.  Mr. Fugawa, are you
 8  there?
 9             MR. FUGAWA (Telephonic):  Yes, I am.
10             THE COURT:  And representing Mr. Fugawa?
11             MR. PRICE:  Jeff Price representing the Plaintiff,
12  Mr. Fugawa.
13             THE COURT:  Thank you.  And for Defendant?
14             MR. HENNES:  Lucas L. Hennes appearing for
15  Defendant, Dearmond.
16             MR. WHEELER:  And Joseph Wheeler.
17             THE COURT:  Okay, thank you.
18             So we've been in a settlement conference.  I
19  believe that we have reached an agreement on material terms.
20  What I'd like to do is set those material terms on the record
21  and make sure that we have confirmation for all parties.
22             I expected also the Defense will be getting to the
23  Plaintiff a settlement agreement that has in writing these
24  terms.  But if for some reason there is a breakdown in the
25  written communications, I do consider this settlement to be
```

1 binding.
2     My understanding of the material terms is that
3 there will be a payment of $10,500.  That includes money that
4 needs to be reimbursed to the court and under General Order
5 number 558 Section 3(b) which says,
6         "In the event of settlement or
7         other successful resolution of the case,
8         which results in a monetary award to the
9         indigent litigant, equal to or exceeding
10        the reimbursed costs under the section,
11        the indigent litigant, through counsel,
12        should reimburse the fund for such out
13        of pocket expenses, allowed and
14        reimbursed under this section.  Counsel
15        shall reimburse the fund within 30 days
16        of settlement or judgment.  Counsel
17        shall ensure that such reimbursement
18        occurs prior to any disbursement of
19        judgment or settlement funds to counsel,
20        plaintiff or any other person."
21    According to my records, there has already been a
22 reimbursed cost of $1,216.20.  There's also been a request
23 for mileage -- and maybe even two requests -- of 211.46 and
24 237.62.  What I will do, because I -- to facilitate at all,
25 and also to be fair to, I think, the negotiations, is that

1 I'll require settlement -- I mean payment to the court for
2 those reimbursements of the true amount, but no more than
3 1500, because I think that's what was done and it's possible
4 that it will be slightly more than that, and I don't -- I by
5 court will say that it's capped at 1500.  So in exchange for
6 that, there will be a full dismissal of all claims in the
7 case of 11CV966, with prejudice.
8            Also, and I understand this is needed for the
9 CDCR's records, there needs to be a payee data form and
10 that's where the Plaintiff just fills out a form with his
11 name and information.  I think that that's needed.
12           Let me check, does anyone else have any other
13 material terms that need to be set on the record?
14           Mr. Price?
15           MR. PRICE:  I will -- I have received the
16 settlement agreement, a release in four pages.  There's a
17 stipulation for voluntary dismissal, with prejudice.  And
18 there is the pay data record.  I would state for Mr. Fugawa
19 that I will be taking no fee, but I did incur a cost for the
20 depositions of Mr. Dearmond and Officer Villa (phonetic) and
21 I will be taking that cost amount out of the settlement.
22           THE COURT:  Is that in addition to the 1500?
23           MR. PRICE:  Correct.
24           THE COURT:  How much was that?
25           MR. PRICE:  It's somewhere in the range of 900, or

4

```
 1 something like that.
 2           THE COURT:  Okay.
 3           MR. PRICE:  Costs that I incurred myself that I
 4 paid out.
 5           THE COURT:  Okay.  Are you okay with that, Mr.
 6 Fugawa?  I don't think we talked about it before.
 7           MR. FUGAWA:  Yes, I am.
 8           THE COURT:  Okay.  What about from Defense counsel?
 9           MR. HENNES:  Thank you, your Honor.  Our office
10 does have a few terms that we just like to put on the record
11 in settlements, such as this.
12           We want to make sure that it's clear that the
13 settlement resolves all claims that were raised, or could
14 have been raised, concerning the allegations, any amendments
15 against defendants, either named or unnamed, served or
16 unserved, any past or current employees of CDCR.
17           We also want to make it clear that in agreeing to
18 the settlement, Plaintiff is waiving the application of Civil
19 Code Section 1542.
20           THE COURT:  What's that?
21           MR. HENNES:  That is --
22           MR. WHEELER:  Unknown claims.
23           MR. HENNES:  Unknown -- yes, unknown claims of --
24 it precludes waiver.
25           THE COURT:  Okay.
```

5

1          MR. HENNES:  The agreement also resolves all rights
2 on appeal and nothing about the settlement is construed as an
3 admission of liability on the part of Defendant.  Parties
4 bear their own costs and attorney's fees.
5          It's also important that Mr. Fugawa know that
6 payment from the Secretary of State's office can take up to
7 180 days.  The 180-day time period begins as long -- as soon
8 as CDCR receives all paperwork, including the data for pay
9 data forms that your Honor mentioned earlier, as well as the
10 signed stipulation in the settlement agreement.  I have
11 provided that paperwork to Mr. Price, who has indicated that
12 he will provide said paperwork to Mr. Fugawa for his review
13 and signature as well.
14         Once we receive the stipulation for voluntary
15 dismissal, we'll file it within 30 days.  And again, this is
16 less important in counseled cases, but refusal to sign the
17 settlement paperwork is not a -- is not a reason to later
18 rescind the settlement that we're currently placing on the
19 record.
20         THE COURT:  Okay.  Do you have any questions about
21 any of that, Mr. Fugawa?
22         MR. FUGAWA:  Would I get a statement of everything
23 that was said in writing?
24         THE COURT:  Can you say that again?
25         MR. FUGAWA:  Would I be receiving everything that

has been said in writing?

THE COURT: Well this is what you're going to get. You're going to get a document that right now Mr. Price has, and I don't know if there's going to be any changes to it. You'll get that. This is being recorded, but there's not a transcription of it. So right now you're not going to get a transcription of this, unless you request, but it costs money. But we can take our time. I want to make sure you understand these terms before I get you to agree to it. And in particular, that you know that it might take some time to get paid. They have up to 180 days, which is six months, after you sign the paperwork. And my expectation is that it happens faster.

Mr. Hennes, do you just have an expectation? You said you get up to 180 days, but about how long is taking these days?

MR. HENNES: From my previous experiences recently with the court, it's somewhere between four and five months. But I mean if we don't get a budget, for example, there's no -- there's nothing my office can do about that.

THE COURT: Okay. So that was important for you to hear. Do you have any other questions?

MR. FUGAWA: No other questions.

THE COURT: Okay. So -- and let me find out before I get everyone to agree also, logistically who is going to

1 pay the court?  Do you pay Mr. Price and then he takes his
2 expenses and pays the court and then he gives to Plaintiff
3 the rest?  Or how does this work?  Because Mr. Price has his
4 expenses, the court needs money and then the Plaintiff needs
5 the rest.
6          MR. HENNES:  I'm not completely familiar with that,
7 but I do believe that CDCR gives the money to Mr. Price who
8 then gives the money to Mr. Fugawa -- or does it go to his --
9 or does it go to his trust account?  It either goes to Mr.
10 Fugawa directly or it goes to Mr. Price directly.  It's not
11 going to our office.
12          MR. WHEELER:  I think that the obligation for Mr.
13 Price is Mr. Price pays the court, so we'll give the check to
14 Mr. Price.  From that, he'll disburse, as you mentioned, the
15 -- any costs owed to the court and then he'll disburse the
16 rest to his client, as they've agreed, and it will go to his
17 inmate trust account, as all other monies that are paid to
18 inmates.
19          THE COURT:  Okay.  Is that your understanding, Mr.
20 Price?
21          MR. PRICE:  That is acceptable and I would request
22 that the check be made out to my trust account, so Jeff
23 Dominic Price, Iolta account, that's I-O-L-T-A account.  I
24 will then take that check, that will not require Mr. Fugawa's
25 counter signature, I will deposit that into my trust account.

```
 1 I will make the necessary disbursements to the court, to
 2 myself for the transcripts, and then finally Mr. Fugawa will
 3 be either sent a check, or however he wants to do it.  I will
 4 work with him, if he wants to do something -- something
 5 different.  Like some people want a power of attorney to be
 6 executed, or whatnot.  But I will try to work with him and
 7 I'll do what he requests within reason.  If not, I'll just
 8 send the check to him at CDCR.
 9          THE COURT:  Okay.  Does anyone have any questions
10 before we see if people are in agreement?
11      (No response.)
12          THE COURT:  Okay.  Mr. Fugawa, do you agreement
13 (sic) -- agree to the terms of settlement, as we've described
14 on the record?
15          MR. FUGAWA:  Yes, I do.
16          THE COURT:  Mr. Price, do you agree?
17          MR. PRICE:  Yes.
18          THE COURT:  And Mr. Hennes?
19          MR. HENNES:  Yes.
20          THE COURT:  And Mr. Wheeler?
21          MR. WHEELER:  Yes, your Honor.
22          THE COURT:  Okay, then I'm going to vacate all
23 pending dates.  I'm going to require all dispositional
24 documents be filed in 60 days.  If for some reason you need
25 more time, then ask for my time and ask for why.
```

9

1      I'm going to retain jurisdiction, only to enforce
2 the agreement.  So if for some reason people are not able to
3 enforce this agreement, someone doesn't get paid or something
4 like that, you can come to me and I will enforce the
5 agreement.
6      And otherwise, thank you.  Thank you for your time
7 today and Mr. Price, thank you for taking this pro bono.  I,
8 on behalf of the court, appreciate it.  There are so many
9 people who need representation and I know you are busy and I
10 appreciate that you took this without compensation and it's a
11 big deal to me, as well as to Mr. Fugawa.  And it helps all
12 of the administration of justice.  And thank you too for
13 making a trip to make this possible as well.
14      Okay, thank you.  Court is adjourned.
15      MR. PRICE:  Thank you.
16      MR. HENNES:  Thank you, your Honor.
17    (Proceedings concluded.)
18
19
20
21
22
23
24
25

10

1      I certify that the foregoing is a correct
2 transcript from the electronic sound recording of the
3 proceedings in the above-entitled matter.
4
5 /s/Crystal Thomas                    12/11/19
  Transcriber, AAERT CERT*654          Date
6
  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
7
8
  /s/L.L. Francisco
9 L.L. Francisco, President
  Echo Reporting, Inc.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25